**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WATCHGUARD TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: _____ |
| ) | |
| WATCHGUARD, INC., ) | (JURY TRIAL DEMANDED) |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, WatchGuard Technologies, Inc. ("Plaintiff"), by and through its attorneys Blank Rome LLP, as its Complaint against WatchGuard, Inc. ("Defendant"), avers the following:

### THE PARTIES

1.      Plaintiff is a corporation organized and existing under the laws of the State of Washington, with a principal place of business at 505 Fifth Avenue South, Suite 500, Seattle, Washington, 98104.

2.      Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 415 Century Parkway, Allen, Texas, 75013.

### JURISDICTION AND VENUE

3.      This is an action for federal service mark infringement, false designation of origin, false description, false representation, common law service mark infringement, dilution under federal law, and deceptive trade practices and unfair competition under Delaware law.

4.      This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 and 1338 because the actions described in this Complaint arise under the Lanham Act and present a federal question over which this Court has jurisdiction.

5.      This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 as the state law claims are so related to the claims falling within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

6.      This Court has personal jurisdiction over the Defendant because, *inter alia*, Defendant is a corporation organized under the laws of the forum state; transacts business within and has availed itself of this forum; engages in a persistent course of conduct in this forum; expects, or should reasonably expect, its acts to have legal consequences in this forum; and maintains substantial, systematic, and continuous contacts in this forum.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant is a corporation subject to personal jurisdiction in this judicial district.

## BACKGROUND FACTS

### Plaintiff's Business and Trademarks

8.      Plaintiff is the exclusive owner of all rights, title, and interest to the WATCHGUARD® mark.

9.      Plaintiff has used and maintained priority rights in the WATCHGUARD mark, in connection with cyber security software and hardware solutions and related services, since at least as early as 1996.

10.     Plaintiff owns numerous United States Service Mark Registrations, including the following:

- U.S. Reg. No. 2,279,763 for WATCHGUARD, registered on September 21, 1999;

- U.S. Reg. No. 2,194,957 for WATCHGUARD, registered on October 13, 1998;

- U.S. Reg. No. 3,705,818 for , registered on November 3, 2009;

- U.S. Reg. No. 3,722,834 for , registered on December 8, 2009;

- U.S. Reg. No. 3,760,638 for , registered on March 16, 2010;

- U.S. Reg. No. 4,622,132 for WATCHGUARD DIMENSION, registered on October 14, 2014; and

- U.S. Reg. No. 4,622,133 for WATCHGUARD DIMENSION, registered on October 14, 2014

(collectively, the "WATCHGUARD Mark" or "Mark").

11.     The WATCHGUARD Mark registrations – with the exception of the WATCHGUARD DIMENSION marks – have all become incontestable based upon Plaintiff's filing in accordance with 15 U.S.C. § 1065, as accepted and acknowledged by the United States Patent and Trademark Office.

12.     Plaintiff has expended a substantial amount of time, energy and resources promoting and marketing its services under the WATCHGUARD Mark. As a result of its long-standing marketing, advertising, and services under the WATCHGUARD Mark, and its adherence to high standards of services Plaintiff's WATCHGUARD Mark has acquired significant goodwill.

13.     As a result of Plaintiff's long-time, continuous and exclusive use of the WATCHGUARD Mark, it has become famous and strongly associated with Plaintiff in the minds of relevant consumers.

14.     When Plaintiff's stock was publicly traded, the company created and used the ticker symbol "WGRD" on the NASDAQ stock exchange as an obvious abbreviation of its WATCHGUARD Mark.

**Defendant's Unauthorized Use of the WATCHGUARD Mark**

15.     Upon information and belief, Defendant is a provider of mobile video and evidence management solutions.

16.     Upon information and belief, Defendant is unlawfully and without authorization using the WATCHGUARD Mark and colorable imitations of the Mark in connection with the provision, sale, distribution, offering for sale, and advertising of mobile video and evidence management solutions. See Screenshots of Defendants' website <https://watchguardvideo.com/company-profile> attached as Exhibit "A".

17.     Upon information and belief, Defendant is unlawfully and without authorization offering its goods and services bearing the WATCHGUARD Mark and colorable imitations of the Mark through its website, located at https://watchguardvideo.com/.

18.     Upon information and belief, Defendant owns U.S. Trademark Registration No. 3,833,758 for the mark "Watch Guard," which includes a space between the words "watch" and "guard". However, Defendant does not even use its own trademark. Rather, on its website, Defendant unlawfully refers to itself solely as "WatchGuard" – without the space between the two words – which is an unlawful use of Plaintiff's famous WATCHGUARD Mark. See Exhibit "A". Defendant does not own the rights to use Plaintiff's famous WATCHGUARD Mark, and such usage is an unlawful attempt at confusing consumers into believing Defendant is aligned with Plaintiff.

19.     Upon information and belief, Defendant initially created a d/b/a "WatchGuard Video" in a blatant attempt to confuse consumers as to the origin of its goods and services and to profit from the goodwill of Plaintiff's brand. Defendant then deceitfully changed its company name from "Enforcement Video, LLC" to "WatchGuard, Inc." in a further attempt to trade on Plaintiff's goodwill and famous WATCHGUARD Mark.

20.     The likelihood of confusion is further heightened by the fact that Defendant has also applied to list its stock on the NASDAQ Global Select Market under the *exact* ticker symbol used by Plaintiff on the NASDAQ – specifically, "WGRD." See Screenshot of Defendant's website <https://watchguardvideo.com/news/watchguard-inc-files-registration-statement-proposed-initial-public-offering> attached Exhibit "B".

21.     Relevant consumers have already fallen prey to Defendant's misleading and false representations as evidenced by a recent media report. Specifically, on November 3, 2017, Startup Security Weekly mistakenly reported that Plaintiff WatchGuard Technologies, Inc. – as opposed to Defendant – was preparing to have an Initial Public Offering. Such confusion stems directly and undoubtedly from Defendant's unlawful use of Plaintiff's WATCHGUARD Mark and its attempt to obtain Plaintiff's well-known "WGRD" ticker symbol. See video located on <https://wiki.securityweekly.com/SSWEpisode61>, starting at 00:05:28.

22.     Since that date, Plaintiff has been receiving and attending to numerous calls from confused and misdirected consumers.

23.     By letter dated November 13, 2017, Counsel for Plaintiff informed Defendant of Plaintiff's prior rights in the federally registered WATCHGUARD Mark and demanded that Defendant cease its use of the WATCHGUARD Mark and request a different stock ticker symbol. See Plaintiff's letter attached as Exhibit "C".

24.     Upon information and belief, Defendant's adoption and use of the WATCHGUARD Mark and colorable imitations of the Mark, violates Plaintiff's rights in the Mark.

25.     Defendant's use of the Mark wrongfully implies an affiliation between Plaintiff and Defendant, or sponsorship by Plaintiff of Defendant's goods and services.

26.     Defendant's adoption and use of the WATCHGUARD Mark, and confusingly similar trademarks and service marks, has caused confusion, mistake and deception as to the source, association, affiliation or sponsorship of the services being offered. Given the confusingly similar marks used by the parties, ordinary consumers will mistakenly believe that Defendant's goods and services are owned, operated, sponsored or approved by Plaintiff.

27.     Upon information and belief, Defendant's conduct was and is designed to trade upon the valuable goodwill, business reputation and fame associated with the WATCHGUARD Mark.

28.     Defendant's unauthorized conduct constitutes service mark infringement, false designation of origin, false description, false representation, common law service mark infringement, dilution of a service mark under federal law, and deceptive trade practices and unfair competition, and has caused Plaintiff to suffer irreparable injuries for which it has no adequate remedy at law.

29.     All such conduct by Defendant was and continues to be in bad faith, willful, deliberate, and in knowing violation of the law.

30.     Plaintiff will be irreparably injured if Defendant's unlawful acts are allowed to continue.

31.     Defendant's actions are unlawful and have damaged Plaintiff an amount not yet calculated.

## COUNT 1

**[Violation of Lanham Act, 15 U.S.C. § 1114;
Infringement of Federally Registered Trademarks]**

32.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 31, inclusive.

33.     Defendant's actions infringe Plaintiff's rights in the WATCHGUARD Mark and have caused, and are likely to cause, consumer confusion, mistake or deception.

34.     Defendant's actions are likely to mislead prospective purchasers as to the affiliation, connection, or association of Defendant or its services with Plaintiff or Plaintiff's services.

35.     Defendant's actions are likely to mislead prospective purchasers as to the origin, sponsorship, or approval of Defendant's good and services by Plaintiff.

36.     On information and belief, Defendant has knowingly advertised and offered its goods and services under the "WATCHGUARD" mark in commerce with knowledge of the falsity and misleading effect and their infringement of the WATCHGUARD Mark.

37.     Defendant's actions infringing Plaintiff's rights in the WATCHGUARD Mark have caused and shall continue to cause great injury and damage to Plaintiff and Plaintiff's goodwill, which injury and damage cannot be adequately quantified.

38.     Unless enjoined by this Court, Defendant will continue to perform the unlawful acts complained of herein and to cause continuing damages and injuries, all to Plaintiff's immediate and irreparable harm.

39.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer irreparable damage, and unless this Court enjoins Defendant from further commission of such acts of infringement, Plaintiff will have no adequate remedy at law.

## COUNT II

**[Violation of Lanham Act, 15 U.S.C. § 1125(a);
False Designation of Origin, False Description and False Representation]**

40.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 39, inclusive.

41.     Plaintiff is the exclusive owner of the WATCHGUARD Mark for use in connection with a wide variety of services, including cyber security software, hardware solutions, and related services. Services offered under the WATCHGUARD Mark are widely recognized as originating with Plaintiff.

42.     Defendant's unauthorized use of the WATCHGUARD Mark, and colorable imitation thereof, constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact that Defendant's services originate with, are sponsored by or approved by Plaintiff, or that Defendant's services are affiliated with, connected to, or associated with Plaintiff.

43.     Defendant's unlawful conduct constitutes a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

45.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT III

**[Violation of Lanham Act, 15 U.S.C. § 1125(a);
Infringement of a Common Law Mark]**

46.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 45, inclusive.

47.     Plaintiff enjoys common law rights in the WATCHGUARD Mark throughout the United States. Plaintiff's rights are superior to any rights Defendant may claim, in any form or style, with respect to the Mark.

48.     Defendant's use of the WATCHGUARD Mark and colorable imitations thereof is likely to cause consumer confusion to the detriment of Plaintiff in violation of the Lanham Act, 15 U.S.C. § 1125(a).

49.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

50.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT IV

**[Violation of the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c);
Dilution of Famous Mark and Injury to Business Reputation]**

51.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 50, inclusive.

52.     This Count is for dilution of the distinctive quality of the Mark, and injury to Plaintiff's reputation pursuant to the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c).

53.     Plaintiff has advertised and promoted its services throughout the United States under the WATCHGUARD Mark, and as a result of this advertising and promotion, these

services and the Mark associated therewith have come to mean, and are recognized in the relevant trading areas and channels of trade, as the services of Plaintiff.

54.     As a result of Plaintiff's longstanding, continuous and exclusive use of the WATCHGUARD Mark in connection with its services, the Mark has become strongly associated in the minds of consumers with Plaintiff.

55.     The WATCHGUARD Mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

56.     Defendant's unlawful conduct constitutes unauthorized use of the WATCHGUARD Mark.  This conduct was undertaken with full recognition and knowledge of Plaintiff's Mark in worldwide trading areas and channels of trade, and commenced after the Mark became famous.

57.     This conduct has diluted, and will continue to dilute, the distinctive quality of the WATCHGUARD Mark by lessening its capacity to identify and distinguish Plaintiff's services. Such dilution harms Plaintiff, its customers, its distributors, and the public, in violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c)(1).

58.     Plaintiff is informed and believes, and on that basis, alleges that Defendant has committed the acts alleged above: (i) with full recognition and knowledge of Plaintiff's prior use of the WATCHGUARD Mark; (ii) with the intent to trade on Plaintiff's goodwill and reputation; (iii) after the WATCHGUARD Mark had become famous; and (iv) with the intent to dilute the WATCHGUARD Mark.

59.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

60.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT V

### [Violation of Delaware Code, Del. Code. Tit. 6, § 3313; Injury to Business Reputation and Dilution of Famous Mark]

61.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 60, inclusive.

62.     Plaintiff is the exclusive owner of the WATCHGUARD Mark, subject to Delaware common law protection, for use in connection with cyber security software and hardware solutions and related services.

63.     The Mark is widely recognized as originating with Plaintiff and is strongly associated with high quality services, and as a result has become famous in Delaware.

64.      Defendant, by use of the WATCHGUARD Mark in connection with the provision, sale, distribution, offering for sale, or advertising in Delaware of mobile video and evidence management solutions, injures Plaintiff's business reputation and dilutes the distinctive quality of the Mark by lessening its capacity to identify and distinguish Plaintiff's services.  Such injury to Plaintiff's business reputation and dilution harms Plaintiff, its customers, and the public, in violation of Del. Code. Tit. 6, § 3313.

65.      Defendant having acted in bad faith willfully, egregiously and with knowledge of the existence of Plaintiff's Mark, Plaintiff is entitled to recovery of punitive and exemplary damages from Defendant in an amount commensurate with the gravity of Defendant's actions.

66.      Plaintiff is entitled to recovery of all profits derived from and all damages suffered by reason of Defendant's conduct.

67.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

68.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT VI

### [Violation of Delaware Code, Del. Code Tit. 6, § 2532; Deceptive Trade Practices]

69.     Plaintiff realleges and incorporates herein the averments of Paragraphs 1 through 68, inclusive.

70.     Plaintiff is the exclusive owner of the WATCHGUARD Mark for use in connection with cyber security software and hardware solutions and related services.  The WATCHGUARD Mark and the services offered in connection therewith are widely recognized as originating with Plaintiff.

71.     Defendant's use of the WATCHGUARD Mark in connection with security solutions and related services causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, affiliation, connection and association of Defendant's services and Plaintiff's services.

72.     Defendant's foregoing acts constitute deceptive trade practices in the conduct of trade and commerce in violation of Delaware state law, including the Delaware Uniform Trade Practices Act, Section 2532 of Title 6 of the Delaware Code.  Del. Code Tit. 6, § 2532.

73.     Defendants' use of the WATCHGUARD Mark is an intentional appropriation of the goodwill of Plaintiff's Mark.

74.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

75.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## COUNT VII

### [Delaware Common Law Unfair Competition, Deceptive Marketing and Misappropriation of Advertising and Trade Values]

76.     The allegations contained in Paragraphs 1 through 75 are incorporated herein by reference as if the same were again set forth herein.

77.     Defendant, with knowledge of the WATCHGUARD Mark, trade name and rights of exclusive use to them by Plaintiff, deliberately and intentionally copied, adopted, duplicated and imitated the aforesaid WATCHGUARD Mark, creating a likelihood of consumer confusion and actual confusion so as to mislead the public as to the source, sponsorship, association or affiliation, in violation of the common law of unfair competition of the State of Delaware.

78.     Defendant's actual use of the WATCHGUARD Mark is intended by Defendant to misappropriate, for its benefit, the large advertising and promotional expenditures of Plaintiff in popularizing the WATCHGUARD Mark, as well as the goodwill, advertising, and trade values inherent in the trade name and the WATCHGUARD Mark, in violation of the common law of unfair competition of the State of Delaware.

79.     Defendant's actions were committed with the intention of passing off or palming off its services as if such services were those of Plaintiff, with the intent to deceive and defraud the public, in violation of the common law of unfair competition of the State of Delaware.

80.     Defendant's actions were made with the intention of misappropriating the trade values and goodwill associated with Plaintiff in violation of the common law of unfair competition of the State of Delaware.

81.     As a result of Defendant's unlawful and willful acts, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable injury, in an amount not yet calculated.

82.     Plaintiff has no adequate remedy at law and is therefore entitled to injunctive relief.

## RELIEF SOUGHT

Wherefore, Plaintiff prays that:

A.     Judgment be entered in favor of Plaintiff and against Defendant as to each of the above Counts;

B.     Defendant pay damages incurred by Plaintiff, and in the case of Defendant's violation of 15 U.S.C. § 1114(a)(1), treble damages or treble profits, whichever is greater;

C.     An accounting be ordered to determine the profits realized by Defendant due to the unauthorized use of the Mark;

D.     Defendant pay punitive damages in an amount commensurate with the gravity of its actions;

E.     Defendant and any of its officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendant shall be enjoined from directly or indirectly:

1.     *using Plaintiff's WATCHGUARD Mark or any confusingly similar designation, alone or in combination with other words, as a trademark, service mark or trade name to identify, market, distribute, advertise, promote, to offer for sale or to provide any cyber security software, hardware solutions, or other related goods or services;*

2.     *otherwise infringing Plaintiff's WATCHGUARD Mark; and*

3.      *continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause Defendant's services to be mistaken for, confused with or passed off as Plaintiff's services.*

F.      Defendant be directed to file with this Court and to serve on Plaintiff within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      Defendant be required to deliver up for destruction all goods, signs, literature, advertising, and other materials bearing the WATCHGUARD Marks or any confusingly similar name or mark, or colorable imitation thereof, used in connection with Defendant's services;

H.      Defendant be required to remove the Plaintiff's Mark and any confusingly similar name or mark from their website(s), HTML code, search engine query terms and any other electronic communications hosts, links, and devices;

I.      Defendant be required to change its entity name to exclude the WATCHGUARD Mark, or anything confusingly similar.

J.      Defendant be required to withdraw and/or change its request for the "WGRD" ticker symbol on the NASDAQ stock exchange to exclude the WATCHGUARD MARK, the WGRD symbol, or anything confusingly similar.

K.      Defendant be ordered to pay costs of this action, including attorney's fees incurred by Plaintiff in connection with Defendant's infringement; and

L.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedures, Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

Dated:  January 10, 2018

**BLANK ROME LLP**

*/s/ Adam V. Orlacchio*
Adam V. Orlacchio (DE #5520)
1201 N. Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400 (Telephone)
(302) 425-6464 (Facsimile)
Orlacchio@BlankRome.com

*Attorneys for Plaintiff,*
*WatchGuard Technologies, Inc.*

Of Counsel:
Timothy D. Pecsenye
**BLANK ROME LLP**
One Logan Square
Philadelphia, PA  19103
(215) 569-5500